**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:11-cv-1608-Orl-28KRS**

**PETER T. HICKEY,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 10)**
>
> **FILED:**       **January 10, 2012**

Plaintiff United States of America filed a complaint in this case against Defendant Peter T. Hickey alleging that Hickey owed $60,997.46 in principal and $53,863.49 in interest to the U.S. Department of Education (Department) based on a promissory note, with interest accruing as the current rate of 8.25% *per annum*. Doc. Nos. 1, 1-2. The complaint was served on Hickey's son, who was of suitable age, at Hickey's residence by the U.S. Marshal. Doc. No. 7. Hickey failed to appear and respond to the complaint. Accordingly, the Clerk of Court entered a default against Hickey upon motion by the United States. Doc. No. 9.

The United States now seeks entry of a default judgment against Hickey. Doc. No. 10. Hickey has not responded to the motion, and the time for doing so has passed. Accordingly, the matter is ripe for resolution.

## I.   APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Id*.

## II. ALLEGATIONS OF THE COMPLAINT.

The United States alleges Hickey owes it the principal amount of $60,997.46, and interest in the amount of $53,863.49, together with prejudgment interest accruing at the rate of 8.25% per annum. Doc. No. 1 ¶ 4. The verified Certificate of Indebtedness from the Department reflects the following:

> On or about July 27, 2000, Hickey executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $60,997.46 on 9/14/00 - 11/13/00, at 8.25% interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 07/25/01. Pursuant to 34 C.F.R. § 685.202(b), a total of $0.00 in unpaid interest was capitalized and added to the principal balance. . . . [T]he borrower now owes the United States . . . as of 08/04/11 . . . $114,860.95.

Doc No. 1-2.

Counsel for the United States represents that Hickey is neither an infant nor an incompetent person, and that Hickey is not serving in the armed forces of the United States. Doc. No. 10 ¶ 2.

## III. ANALYSIS.

### A. *Liability.*

"In order for judgment to be entered in favor of the United States, it must prove that (1) Defendant executed the note; (2) that United States is the present holder of the note; and (3) the note is in default." *United States v. Mendoza*, C.A. No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007) (citations omitted). The body of the complaint does not allege that Hickey executed the promissory note, that the United States is present holder of the note, or that the note is in default.

However, Federal Rule of Civil Procedure 10(c) provides "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Attached to the complaint is a verified Certificate of Indebtedness and a Federal Direct Consolidation Loan Application and Promissory Note and Certificate of Indebtedness #1 of 1. Doc. Nos. 1-1, 1-2. The application reflects that Hickey signed the promissory note, that the United States is the present holder of the note and that Hickey is in default.

Accordingly, by failing to answer the complaint, Hickey is deemed to have admitted that he signed the promissory note, that the United States is the holder of the note, and that the note is in default. This is sufficient to establish that Hickey is liable for payment due under the note.

*B.     Damages.*

The verified Certificate of Indebtedness establishes that $1,156.00 has been credited to Hickey's account against the amount owed. Hickey failed to make any further payments of sums due under the promissory note. The Certificate shows that Hickey owes the United States the following sums:

| | |
|---|---|
| Principal: | $60,997.46 |
| Interest: | $53,863.49 (as of August 4, 2011) |
| Total debt as of 8/4/11: | $114,860.95 |
| Additional prejudgment interest: | $13.78 per day. |

This is sufficient to establish the damages due to the United States.

**IV. RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that the Motion for Default Judgment, Doc. No. 10, be **GRANTED**, and that the Court enter judgment against Peter T. Hickey in favor

of the United States of America in an amount to be calculated by the United States as of a date established by the Court. I further recommend that the Court direct the United States to submit a proposed judgment with the prejudgment interest calculated as of the date provided by the Court. Finally, I recommend that the Clerk of Court be directed to close the file after judgment is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy